**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD M. G.,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; JOEL BROTT, in his official capacity as Sheriff of Sherburne County

Respondents.

Case No. 26-CV-3727 (NEB/LIB)

ORDER

---

This matter is before the Court on Petitioner Richard M. G.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Richard M.G. is a citizen of Ecuador who entered the United States without inspection in November 2023. On November 16, 2023, Customs and Border Protection detained Richard M.G. On that same day, the Department of Homeland Security initiated removal proceedings against Richard M.G., issued a notice to appear, and released him on an order of recognizance ("OREC"). On August 7, 2026, ICE arrested Richard M.G. without an official revocation of his OREC.

Richard M.G. filed a habeas action challenging his detention. Because Richard M.G.'s detention violates due process and DHS regulations, the Court grants the petition and orders his immediate release.

**ANALYSIS**

An agency must follow its own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Department of Homeland Security regulations authorize revocation of release from custody (here, revocation of an OREC) only at the "discretion of the district director, acting district director, deputy director, assistant director for investigations, assistant director for detention and deportation, or officer in charge (except foreign)." 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9).

Section 236.1(c)(9) gives the government "immense discretion" to revoke a noncitizen's OREC. *Yandri Joselito F.E. v. Blanche*, No. 26-cv-3835 (LMP/DTS), 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026) (quoting *Sandhu v. Mullin*, No. 7:26-CV-5009, 2026 WL 1146643, at *4 (D. Neb. Apr. 28, 2026)). That discretion, however, is cabined by two conditions. First, an official must actually exercise discretion to revoke the OREC—that is, an official must be aware of the OREC and make the decision to revoke it. *Id.* Second, that official must be one of the six enumerated officials listed in 8 C.F.R. § 236.1(c)(9). *Id.*; *see also Sandhu*, 2026 WL 1146643, at *4 ("[A]s the regulation shows, that discretion [to revoke parole] must be exercised by *someone*. Here, there is no evidence [one of the six enumerated DHS officials] exercised discretion to revoke Sandhu's conditional parole." (citing 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9))).

Richard M.G. asserts that Respondents did not follow these requirements when revoking his release from custody. (Pet. ¶ 113–17.) To prove compliance with 8 C.F.R. § 236.1(c)(9), Respondents would need to show (1) that discretion was used to revoke

Richard M.G.'s OREC, and (2) that one of the six enumerated DHS officials found in the regulation exercised that discretion. *See, e.g.*, *Yandri Joselito F.E.*, 2026 WL 2676764, at *2.

Respondents provide no evidence that either of the conditions were satisfied. For the first condition, nothing in the record suggests that Richard M.G.'s OREC was ever revoked in the first place. Neither the Form I-200 (ECF No. 10-5) nor the accompanying affidavit (ECF No. 10.) supplied by Respondents even mention revocation of the OREC. Without evidence of a revocation decision, any argument that discretion was exercised is wholly without merit. Respondents fail to demonstrate that discretion was used to revoke Richard M.G.'s OREC.[1]

Even if the record contained evidence that the OREC was revoked by, for example, the Form I-200, his detention would still fail on the second condition of 8 C.F.R. § 236.1(c)(9), discretion of enumerated personnel. The Form I-200 was not signed by one of the six enumerated officials in 8 C.F.R. § 236.1(c)(9). (*See* ECF No. 10-5 (officer name redacted, officer title illegible).) In absence of a showing that one of the six kinds of enumerated officials in Section 236.1(c)(9) exercised discretion, the Court cannot conclude that a petitioner's release was properly revoked. *Kevin J.R.M. v. Blanche*, No. 26-

[1] Respondents rely on the Form-200 warrant as the document that revoked Richard M.G.'s OREC. (ECF No. 9, at 23.) Courts in this district have consistently held that administrative warrants are not evidence of OREC revocation where neither the form nor the associated declaration mention an intention to revoke the parole as is true here. *See, e.g.*, *Kevin J.R.M. v. Blanche*, No. 26-CV-03122 (KMM/JFD), ECF No. 13, at 15 (D. Minn. July 17, 2026), *report and recommendation adopted*, ECF No. 14 (D. Minn. Aug. 3, 2026); *Bryan A.Q.C v. Lyons*, No. 26-CV-3165 (JRT/EMB), 2026 WL 1998719, at *2–3 (D. Minn. July 10, 2026) (finding even when a Form I-220A is served, the revocation is ineffective if said form fails to indicate a lawful reason for revocation). Consistent with these decisions, the Court declines to interpret the Form I-200 provided by Respondents as evidence of revoking Richard M.G.'s OREC.

CV-03122 (KMM/JFD), 2026 WL 2230647, at *5 (D. Minn. July 17, 2026), *report and recommendation adopted*, 2026 WL 2227793 (D. Minn. Aug. 3, 2026) (evidence must support that an officer exercised discretion to revoke parole, and that evidence was absent where neither the Form I-200 nor the associated declaration mention "an intention to revoke that order").

When ICE re-detained Richard M.G., they did not follow their procedures as outlined in 8 C.F.R. § 236.1(c)(9).[2] Because ICE failed to comply with its own regulations, Petitioner's detention is unlawful, and immediate release is warranted.[3] *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 902 (D. Minn. 2025); *Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025).

---

[2] To the extent that Respondents argue that re-detention was lawful based on changed circumstances, this Court has not been provided with any evidence of these circumstances.

[3] Respondents argue that independent grounds for detention under 8 U.S.C. § 1225 prevent Richard M.G.'s release. Yet Respondents did not detain Richard M.G. under Section 1225 and have at all times purported to detain him under 8 U.S.C. § 1226. (ECF No. 10-5; ECF No. 4-1, at 6.) This District has repeatedly rejected the argument that Section 1225 detention is justified where the Government's own records reflect detention was initiated under Section 1226. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969 (D. Minn. 2025); *Yonatan P. v. Blanche*, No. 26-CV-2949 (JMB/EMB), 2026 WL 1842652, at *3–6 (D. Minn. June 26, 2026) (ordering release of petitioner whom DHS had previously released subject to conditions pursuant to Section 1226); *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under Section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to Section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Richard M.G.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED; and

2. Respondents are ORDERED to release Petitioner from custody by September 24, 2026. They must release him from custody:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel (David Lamb, dlamb@taftlaw.com or Paul Shapiro, pshapiro@taftlaw.com, (612) 977-8400); and

    c. With all Richard M.G.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys; and

3. Respondents are further ORDERED to file a status update with the Court acknowledging the release of Petitioner with his personal effects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 21, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge